CURRAN v. GUILFOYLE.

(Supreme Court, Appellate Division, Second Department. February 7, 1899.)

1. MUNICIPAL CORPORATIONS—LAND FOR STREETS—AMOUNT—LIMITATION.
    A municipality, in the exercise of its right to take land for street purposes, is not limited to the amount actually needed for travel, but may take ample space for the access of light and air, etc., not required or used for travel.

2. SAME—DEDICATION—ACCEPTANCE.
    Land adjoining Fourth place, in Brooklyn, was authorized to be taken for a courtyard by Act May 12, 1846, which authorized changes in certain streets in that city. In 1858 the abutting owner conveyed his land, "subject to the provisions, restrictions, and reservations" of said act. *Held*, that such reservation constituted a dedication of such land, and that the subsequent acts of the city in improving it amounted to an acceptance thereof.

3. SAME—EASEMENT—OWNER'S RIGHTS—LIMITATION.
    Prior to a dedication of land abutting a city street for a court, a mortgage on the land provided that, "whenever the northerly line of Fourth place was referred to, the northerly line of Fourth place, as established under Act May 12, 1846 [which authorized the taking of part of the land for a court], was intended, the space fronting on Fourth place reserved and set apart under said act." Plaintiff claimed title to the land through foreclosure of such mortgage, and subsequent grantors, who recognized such land as a part of the court connected with the street. *Held*, that plaintiff's right to use the land was limited by the dedication, and that he had no right to build thereon.

Appeal from special term, Kings county.

Application by Vincent Curran for a peremptory writ of mandamus against John Guilfoyle, commissioner, etc. From an order denying the application (54 N. Y. Supp. 917), petitioner appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John J. Leary, for appellant.

William J. Carr (William C. Courtney, on the brief), for respondent.

HATCH, J. We do not find it necessary, in the disposition of this appeal, to make an examination of the question which controlled

the learned court below in denying the motion, or to discuss the interesting question raised by the court in its opinion. The rule is well settled, and has been many times reiterated by this court, that, to entitle a person to a writ of peremptory mandamus, he must establish a clear legal right thereto, and the burden rests upon him. There can be no doubt but that a municipality, in the exercise of the right of eminent domain, may take land for street purposes. There is no limit or restriction upon such right in respect of the width of the strip of land which shall be taken for such purpose, save only that, in some sense, the land taken may be regarded as useful or necessary for the purpose for which it is taken. Nor is such right limited to the number of feet necessary in a given case for the purpose of furnishing a passage for pedestrians and vehicles and other traffic. Land may also be taken, in connection with such specific use, for the purpose of furnishing ample space for the access of light and air, and also to beautify and adorn. A street may in part unite the two purposes,—one to furnish a way for travel, and the other as a park or public place. These elements have frequently been united, and there is scarcely a city in the state where roads, boulevards, and avenues have not been opened for the purposes of travel, and, in connection with such use, lands have been acquired for the sole purpose of furnishing ample space, in order that the enjoyment of the street itself by the inhabitants of a municipality may thereby be enhanced. So, in the particular case, we do not doubt the power of the legislature to authorize the taking of land for the opening of this street; and also to set apart, as part thereof, for the purpose of making it ample in width, land which may not be required or used for the purposes of a traveled way. No right, therefore, rests in the relator to attack the authority of the municipality to take this land for these purposes. In the present case the line of the street, which embraced the lands in front of the buildings erected thereon, so far as mere authority in the municipality to so appropriate them is concerned, furnishes no ground of complaint on the part of the appellant. We are therefore to consider in this view whether the appellant, as against the municipality, in assuming to exercise control over such land, shows any right thereto.

It appears from the record that one Nathaniel Griswold was the owner of these premises, and in 1858 he conveyed the same to Francis Cahill. In his deed of conveyance he inserted the following restriction: "Together with all the right, title, and interest of the party of the first part to the land in front of said lot, piece, or parcel of land on Clinton street and Fourth place; subject, nevertheless, to the provisions, restrictions, and reservations of an act of the legislature of the state of New York" entitled "An act to alter the commissioners' map of the city of Brooklyn, and for other purposes," passed May 12, 1846. This reservation, in effect, constituted a dedication of such land to the use of the public; and the acts of the municipality, in connection with this land and the street itself, amounted to an acceptance of the same. Child v. Chappell, 9 N. Y. 246; People v. Underhill, 144 N. Y. 316, 39 N. E. 333; Washb. Easem. 208–211. Prior to this dedication, Griswold had mortgaged the

premises, which mortgage contained a recital "that, whenever the northerly line of Fourth place is mentioned and referred to in the descriptions contained in the said several mortgages and said deed of conveyance, the northerly line of Fourth place, as established under the act of May 12, 1846, was intended, and the premises intended to be conveyed, etc., the space fronting on said Fourth place reserved and set apart for a courtyard, under the act of May 12, 1846." Subsequently this mortgage was foreclosed, and the title of the appellant comes through a referee's deed upon such foreclosure. Subsequent mesne owners have at all times recognized such strip of land as forming a part of the courtyard connected with such street. It is therefore clear that the right of the appellant to the use of this strip of land is limited and controlled by the dedication which was made thereof, and also by the reservation contained in the mortgage through which he claims title. This excludes any ground of right which the appellant possesses to build upon such strip of land. Other reasons might be assigned for a denial of the right (Tallmadge v. Bank, 26 N. Y. 105), but the above is sufficient to support the action of the commissioner in his refusal to approve the plans for the building.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.